IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZEIGLER AUTO GROUP II, INC., a Michigan corporation, and ZEIGLER CHEVROLET – SCHAUMBURG, LLC, a Michigan limited liability company, | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 1:19-cv-02748 ) |
| v. | ) Judge John Robert Blakey ) |
| HORACIO CHAVEZ a/k/a JOSE CHAVEZ, and BILL STASEK CHEVROLET, INC., an Illinois corporation, | ) JURY TRIAL DEMANDED ) ) ) |
| Defendants. | ) |

**PLAINTIFFS' MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Pursuant to Federal Rule of Civil Procedure 65, Plaintiffs Zeigler Auto Group II, Inc. ("Zeigler Auto") and Zeigler Chevrolet – Schaumburg, LLC ("Zeigler Chevrolet") (together, "Zeigler"), through their attorneys, Tabet DiVito & Rothstein LLC, respectfully request that the Court enter a preliminary injunction against Defendants Horacio Chavez a/k/a Jose Chavez ("Chavez") and Bill Stasek Chevrolet, Inc. ("Stasek Chevrolet") (together, "Defendants"). In support of the motion, Zeigler submits Plaintiffs' Memorandum in Support of Their Motion for Entry of a Preliminary Injunction ("Memorandum") and respectfully state as follows:

1. Zeigler respectfully requests that the Court enter a preliminary injunction against Defendants to halt Defendants' ongoing misconduct related to Chavez's breaches of his Non-Compete & Non-Solicitation Agreement with Zeigler (the "Agreement").

2. As set forth more fully in Zeigler's supporting Memorandum, Chavez breached the Agreement when he: (a) resigned as the general manager of Zeigler Chevrolet and began working as the general manager for Stasek Chevrolet, Zeigler's direct competitor located only 13 miles

away; (b) poached a Zeigler employee to work at Stasek Chevrolet; and (c) disclosed and used Zeigler's confidential information for the benefit of Stasek Chevrolet. In addition, Stasek Chevrolet tortiously interfered with the Agreement because it aided, abetted, induced, and/or encouraged Chavez to breach the Agreement in the foregoing ways.

3. Zeigler is entitled to injunctive relief because they have established in their Memorandum that: (a) there is a reasonable likelihood of success on the merits of their claims against Defendants; (b) Zeigler will suffer irreparable harm without the preliminary injunctive relief; (c) Zeigler has no adequate remedy at law; and (d) the injunction does not harm the public interest. Additionally, the balance of harms strongly weighs in favor of Zeigler.

4. Accordingly, entry of a preliminary injunction against Defendants is both appropriate and necessary at this time.

WHEREFORE, for all of the reasons stated herein and in Zeigler's accompanying Memorandum, Zeigler respectfully requests that the Court grant Zeigler's Motion and award them the following relief:

(a) Preliminarily enjoin Chavez from directly or indirectly representing or being employed by any automobile dealership or new or used vehicle dealership related entity located within 50 miles of Zeigler Chevrolet (1230 East Golf Road, Schaumburg, IL 60173) for a period of 24 months;

(b) Preliminarily enjoin Chavez and those people and entities acting in concert with him, including but not limited to Stasek Chevrolet, from disclosing or utilizing any of Zeigler's confidential and secret information that is not generally known to persons who are not employed by or associated with Zeigler, including but not

        limited to Zeigler's internal management reports, customer names and addresses, business and marketing plans, and financial information, for a period of 24 months;

(c) Preliminarily enjoin Chavez and those people and entities acting in concert with him, including but not limited to Stasek Chevrolet and Dimitrios Maravelas ("Maravelas"), from interfering with Zeigler's relationships with its advertising and marketing partners, including but not limited to The Daily Herald;

(d) Preliminarily enjoin Chavez and those people and entities acting in concert with him, including but not limited to Stasek Chevrolet and Maravelas, from inducing or influencing or attempting to induce or influence any Zeigler Chevrolet employee to terminate employment with Zeigler Chevrolet, or by recommending to any other entity that it employ or solicit for employment anyone who is an employee of Zeigler Chevrolet, for a period of 24 months;

(e) Order Defendants and those people and entities acting in concert with them, including but not limited to Maravelas, to make available for inspection all personal storage devices, including, but not limited to, all laptop computers, notebook computers, desktop computers, tablets, hand-held computers, computer disks, compact disks, hard drives, magnetic storage media, optical storage media, tapes, zip drives, flash drives, telephones, cellular telephones, PDAs, smartphones, iPhones, iPods, iPads, electronic music players, e-book readers, hand-held computer devices, Blackberries, digital cell phones, cell phones, and pagers in Defendants' possession, custody, or control;

(f) Preliminarily enjoin Defendants and those people and entities acting in concert with them, including but not limited to Maravelas, from destroying or deleting any and

all records, documents, or electronic communications in any way evidencing or relating to Chavez's breaches of the Agreement described above and in the accompanying Memorandum; and,

(g) Waive the posting of bond for good cause shown.

| | |
|---|---|
| Date: May 3, 2019 | Respectfully submitted, |
| | |
| Michael J. Grant<br>Jacob B. Berger<br>TABET DIVITO & ROTHSTEIN LLC<br>209 South LaSalle Street, 7th Floor<br>Chicago, IL 60604<br>(312) 762-9450<br>mgrant@tdrlawfirm.com<br>jberger@tdrlawfirm.com | **ZEIGLER AUTO GROUP II, INC.** and **ZEIGLER CHEVROLET – SCHAUMBURG, LLC**<br><br>By:/s/ Michael J. Grant<br>       One of Their Attorneys |

*Attorneys for Plaintiffs Zeigler Auto Group II, Inc. and Zeigler Chevrolet – Schaumburg, LLC*

4